# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SALMA AGHA-KHAN,

    Plaintiff,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,

    Defendants.

Case No. 2:17-cv-02739-GMN-CWH

**ORDER**

Presently before the Court is pro se Plaintiff's motion for reconsideration (ECF No. 45), filed on January 8, 2018. Defendants Fidelity National Default, LSI Title Agency, Inc., Servicelink, Chicago Title Agency Nevada, and Loancare filed a response (ECF No. 48) on January 9, 2018. Plaintiff did not file a reply.

Also before the Court is Plaintiff's motion for clarification of order (ECF No. 62), filed on February 6, 2018. Defendants have not filed a response.

**I.    Motion for Reconsideration**

Plaintiff moves for reconsideration of the Court's order (ECF No. 40) granting Defendants' motions for demand of security costs (ECF Nos. 10 and 24). Plaintiff argues that the order was made based on a misunderstanding of her correct address and place of residence. Defendants oppose the motion, arguing that Plaintiff has not shown that the Court has made any error regarding her address or place of residence.

Plaintiff brings her motion under Federal Rule of Civil Procedure 60, which provides two categories of relief. First, Rule 60(a) allows for the Court to correct clerical mistakes, oversights, or omissions in an order. Plaintiff does not argue that the Court made any such mistake, and the Court does not find any. Second, under Rule 60(b), a Court can relieve a party from an order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Construing Plaintiff's claims liberally, the Court will also consider the request as a motion for reconsideration, which requires that a moving party demonstrate that there is newly discovered evidence that was not available when the original motion was filed, that the court committed clear error or the initial decision was manifestly unjust, or that there was an intervening change in controlling law. Local Rule 59-1. Defendants' motions for demand of security costs were brought under Nev. Rev. Stat. 18.130, which provides that "[w]hen a plaintiff in an action resides out of the State [of Nevada], or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant[.]"

The Court's order granting Defendants' motions was based on a finding that Plaintiff was a resident of California. Order, at p. 2. Plaintiff's motion for reconsideration is based on her contention that she is also a resident of Nevada. Plaintiff argued in her response to the original motions that she is a resident of Nevada because she "has maintained a residence in Nevada for over fifteen years[,] owning properties as second homes in Las Vegas, Nevada." Resp. to Mot. at p. 6 (ECF No. 18). Plaintiff further asserted in her response that she "does reside and has intended to reside in both Los Angeles and Las Vegas" and that she "acquired more than one piece of property in Las Vegas and does reside there, maintain her second home . . . Plaintiff currently maintains a physical residence in both cities . . . her intent is to reside in both Los Angeles and Los Vegas [sic]." *Id.* at 6-7. Based on these representations, and the exclusive use of a Los Angeles, California address on her complaint, the civil cover sheet attached to the complaint, the summons issued to all defendants, and all other filings made by Plaintiff in this case, the Court determined that Plaintiff is a resident of California for purposes of Nev. Rev. Stat. 18.130(1).

In the instant motion for reconsideration, Plaintiff claims that the California address she has used for filing in this case is only a mailbox, not a place of residence. Plaintiff also reiterates her argument that she is a resident of both California and Nevada, stating that she "has every right to

1 reside in two states." Mot. at 6. First, Plaintiff's argument that the California address is not her residence fails. Plaintiff does not claim that she is not a resident of California, merely that the address she gave is only a place where she picks up mail. Given that Plaintiff explicitly acknowledges that she is a resident of California, it does not matter whether the given address is her actual California residence or not.

As to her argument that she is a resident of both Nevada and California, the Court will not reconsider its order on this basis. First, there is no suggestion that there was a mistake in the previous order, or any newly discovered evidence, or any other of the enumerated grounds for relief under Rule 60(b). Second, under Local Rule 59-1(b), a movant seeking reconsideration must not repeat arguments already presented unless necessary to explain controlling, intervening law or to argue new facts. Plaintiff's argument that she is a resident of both California and Nevada is a reiteration of her response to Defendants' motions. Plaintiff does not suggest any change in relevant law, she merely argues that she has a right to residence of both states. The Court notes that, as in her response, the motion for reconsideration does not provide any points or authorities to support her assertion that, for purposes of Nev. Rev. Stat. 118.130, a plaintiff may be considered a resident of two states.

Nor do any of the other grounds for reconsideration under Local Rule 59-1 apply. First, the facts asserted in her motion for reconsideration were all previously available to Plaintiff. Second, there is no grounds to find that the Court's order was in clear error or manifestly unjust. Finally, as noted above, Plaintiff does not suggest an intervening change in controlling law.

**II.  Motion for Clarification**

In its order granting Defendants' motions for demand of security costs, the Court ordered that this matter be stayed until Plaintiff complies with her obligations under the order. Plaintiff moves for clarification, asking the Court to determine if the order to stay the case is still in effect while the motion for reconsideration is pending. The Court will grant Plaintiff's motion, and reiterate that this case is stayed.

//
//
//

3

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (ECF No. 45) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for clarification (ECF No. 62) is GRANTED. This case is STAYED. After Plaintiff complies with her obligations under the Court's previous order (ECF No. 40), either party may move to lift the stay.

DATED: February 8, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge