# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SALMA AGHA-KHAN, an individual,     )
     )
                 Plaintiff,     )     Case No.: 2:17-cv-2739-GMN-CWH
   vs.     )
     )     **ORDER**
MORTGAGE ELECTRONIC     )
REGISTRATION SYSTEMS INC., et al.,     )
     )
               Defendants.     )
_____)

Presently before the Court is Plaintiff Salma Agha-Khan's ("Plaintiff's") case where she sued seventy-seven Defendants in relation to: the 2005 purchase of the real property located at 11539 Cantina Terlano Place, Las Vegas, Nevada 89141 (the "Property"); the securitization of the underlying loan; and the eventual foreclosure on the Property. (*See generally* Compl., ECF No. 1). There are presently nineteen Motions pending before the Court, which the Court will address in turn.

## I.    BACKGROUND

Plaintiff alleges that she purchased the Property on August 11, 2005, and it was recorded on October 11, 2005. (Compl. ¶ 100). Plaintiff asserts that on August 11, 2005, "Defendant Aspen et. al. [sic] obtained $200,000.00 from Plaintiff and had her sign a 'Deed of Trust' which they never recorded against [the Property's] APN." (*Id.* ¶ 102). "Defendants subsequently collected over $5,000.00 from the unsuspecting Plaintiff for some time thereafter in lieu of 'mortgage.'" (*Id.*). Plaintiff states that "[t]owards the end of 2009 [sic] Plaintiff got into financial troubles and stopped making her mortgage payments." (*Id.* ¶ 104). On May 31, 2010, Plaintiff filed bankruptcy, which was discharged in September 2010. (*Id.* ¶ 213). Plaintiff's Property was foreclosed upon on January 4, 2012. (*Id.* ¶ 114).

On October 30, 2107, Plaintiff filed her Complaint seeking, *inter alia*, to set aside the foreclosure sale of the Property. (Compl. ¶ 347). In her Complaint, Plaintiff alleges the following causes of actions: (1) wrongful foreclosure; (2) to void or cancel trustee's deed upon sale; (3) fraud; (4) bankruptcy fraud; (5) violations of 15 U.S.C. § 1691 and 15 U.S.C. § 1692; (6) violations of 12 U.S.C. § 2605; (7) violation of NRS, U.S. banking and lending fraud, and uniform fraudulent transfers; (8) breach of contract; (9) violations of N.R.S. §§ 645, 675; (10) violations of 15 U.S.C. § 1601, 26 U.S.C. § 860(g), 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. 1344; (11) violations of 42 U.S.C. § 1982 and 42 U.S.C. § 1983; (12) violations of due process; (13) negligence; (14) violations of U.S. and Nevada racketeering statutes; (15) defamation; (16) false light; (17) slander of title and quiet title; (18) punitive damages; and (19) declaratory relief.

## II.  DISCUSSION

### A. Plaintiff's Motion to Disqualify, (ECF No. 69)

Before determining the merits of the pending Motions, the Court must first address Plaintiff's Motion to Disqualify both Judge Navarro and Judge Hoffman, (ECF No. 69). In her Motion, Plaintiff argues that Judge Hoffman "failed to apply the legal standard of residence," and that Judge Hoffman's application of this was "unchecked by Judge Navarro." (Mot. to Disqualify 17:1–2).

There are two deferral statutes that address standards for recusal: 28 U.S.C. §§ 144 and 455. A judge is required to recuse herself if she has a personal bias or prejudice against a party. *See Gonzales v. Parks*, 830 F.2d 1033, 1037 (9th Cir. 1987). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). A motion to disqualify under § 144 requires the party to file a legally sufficient affidavit alleging facts supporting the claim that the judge is biased or prejudiced against him. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980); *see Garity v. Donahoe*, No. 2:11-CV-01805-

MMD-PA, 2014 WL 547760, at *6 (D. Nev. Feb. 11, 2014).  If the affidavit is legally insufficient or unsupported by a factual basis, then the court must deny the motion. *Id.* at 868.

Here, Plaintiff attaches her Declaration, but she provides no factual basis as to either Judge being biased or prejudiced against her.  Plaintiff premises this claim solely on the fact that Judge Hoffman "failed to apply the law of Nevada regarding my residency." (Decl. of Salma Agha-Khan, Ex. 1 to Mot. to Disqualify 31:13–14).  The essence of Plaintiff's claim is that Judge Hoffman's prior ruling was adverse to her and he is therefore biased, and because Judge Navarro has "unchecked" him, she is also biased.  The Court, however, finds this allegation insufficient under § 144 to amount to bias or a cause for recusal. *Studley*, 783 F.2d at 939.

Under 28 U.S.C. § 455(a), any United States federal judge should recuse herself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  The judge should also disqualify herself if the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).  The standard for recusal is whether the Judge's impartiality might be "reasonably questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citations omitted).  Recusal is also evaluated by ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir. 1997).  The alleged prejudice must normally result from an extra judicial source; a judge's prior adverse ruling is not a sufficient cause for recusal. *Id.*

Here, similar to the Court's § 144 analysis, the Court cannot find that Judge Hoffman's impartiality might reasonably be questioned.  The only facts allegedly supporting bias involve the rulings requiring Plaintiff to pay security costs and the issues raised in Plaintiff's Motion. (*See* Order, ECF No. 40).  However, Plaintiff's dissatisfaction with previous rulings is not a

sufficient cause for recusal for either Judge Hoffman or Judge Navarro. Accordingly, the Court denies Plaintiff's Motion to Disqualify.

### B. Plaintiff's Objection to Judge Hoffman's Order, (ECF No. 65)

As a threshold matter for the other Motions, Plaintiff filed an Objection to Judge Hoffman's Order, (ECF No. 65). In Judge Hoffman's Order, (ECF No. 64), Judge Hoffman denied Plaintiff's Motion for Reconsideration, (ECF No. 45), on his rulings that grant the Motions for Demand of Security Costs that Defendants filed against Plaintiff. There, Judge Hoffman found that Plaintiff "is a resident of California for purposes of Nev. Rev. Stat. 18.130(1)," and that pursuant to the statute, Plaintiff was required to pay security costs. (Order 2:24–25, ECF No. 64).

Subsequent to this Order, Defendants Chicago Title Agency Nevada, Fidelity National Default, LSI Title Agency Inc., Loancare, and Servicelink filed a Motion to Dismiss, (ECF No. 74), arguing that Plaintiff's Complaint should be dismissed for failure to post security costs. (*See* Mot. to Dismiss 4:25–5:20, ECF No. 74). In the Motion, Defendants cite to the Court's prior precedent stating that "[i]t is the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS [§] 18.310 in diversity actions." (Mot. to Dismiss 5:12–14, ECF No. 74) (citing *Feagins v. Trump Organization*, 2012 WL 925027 (D. Nev.)).

Nevada Revised Statute 18.130(1) states in pertinent part that, "[w]hen a plaintiff in an action resides out of the State, or is a foreign corporation, security for costs and charges which may be awarded against such plaintiff [not to exceed $500] may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint." Nev. Rev. Stat. § 18.130(1). While such security is not required under the Federal Rules of Civil Procedure, as Defendants stated, this District has enforced the

requirements of the statute "in diversity actions." *Wells Fargo Bank, N.A. v. SFR Investments Pool 1, LLC*, 257 F. Supp. 3d 1110, 1111 (D. Nev. 2017).

However, "[w]hen suit is brought under a federal statute, state provisions requiring security for costs or expenses clearly are inapplicable." *Id.* (citing 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2671 (3d ed.)). Instead, the Court may apply its own rules or state practice to require security for costs as a discretionary matter, taking into account the policy of the underlying federal statute, the defendant's ability to recover costs from an out-of-state plaintiff if the defendant prevails, the plaintiff's solvency, and any other pertinent factors. *Id.*

Here, Plaintiff filed suit in this Court pursuant to federal question jurisdiction and supplemental jurisdiction over her state law claims. (Obj. 12:17–18) ("Furthermore, this is not a diversity action as claimed by some moving parties. It is an action of federal question."); (*see* Resp. 5:3–6:2, ECF No. 14). Plaintiff pleads that there is federal question jurisdiction pursuant to her varying federal statutes alleged, including the allegation that her constitutional due process right has been violated. (*See, e.g.*, Compl. ¶ 288). The Court therefore finds that it would be contrary to public policy to automatically require security for costs under NRS § 18.130 in cases involving alleged violations of the U.S. Constitution. Moreover, Defendants failed to address in either the Motion to Dismiss or the Motions for Demand of Security Costs why security costs would be required in this federal question case. Accordingly, Plaintiff's Objection to Judge Hoffman's Order is granted,[1] and Judge Hoffman's Order requiring security costs is vacated.[2]

---

[1] Although the Court is granting Plaintiff's Objections pursuant to the foregoing, this ruling does not affect the Court's determination on Plaintiff's Motion to Disqualify.

[2] Pursuant to this, Defendants' Motions for Demand of Security Costs, (ECF Nos. 32, 33, 55; and Defendants' Motion to Dismiss, (ECF No. 74), are **DENIED**.

### C. Motions to Dismiss

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

Plaintiff filed this case after the resolution of her bankruptcy, and her case centers on the 2012 foreclosure of her home after she stopped making payments on it. (*See generally* Compl.). Notably, Plaintiff states that she filed bankruptcy on May 31, 2010, and that it was discharged in September 2010. (*Id.* ¶¶ 109, 213). Plaintiff's house was foreclosed upon on January 4, 2012. (*Id.* ¶ 114).

Defendants Fidelity National Default, LSI Title Agency, Servicelink, Chicago Title Agency of Nevada, and Loancare argue in their Motion to Dismiss, (ECF No. 29), that Plaintiff should be judicially estopped from pursuing her claims because Plaintiff failed to disclose the instant suit in her bankruptcy filings. (*See* Mot. to Dismiss 9:18–21). "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

The bankruptcy code requires notice of potential claims or current claims or lawsuits. *See Hay v. First Interstate Bank, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (holding that lawsuit or potential for lawsuit must be disclosed in a bankruptcy proceeding); *See generally* Fed. R.

Bankr. P. 1007(b)(1) (stating that debtor must file a schedule of assets and liabilities, and a statement of financial affairs); Fed. R. Bankr. P. 1009(a) (stating that schedules may be amended as a matter of course before case is closed); 11 U.S.C. § 1125(b) (1988) (stating that debtor must provide claimants with a disclosure statement containing "adequate information"). Failure to list an asset or interest on the bankruptcy schedules causes the debtor to be judicially estopped from pursuing a claim to recover that interest after discharge. *Hamilton*, 270 F.3d 778, at 785.

  Without determining the merits of Plaintiff's claims, the Court finds that Plaintiff is estopped from pursuing this action because of her failure to disclose this lawsuit in her bankruptcy proceeding. (*See* Ex. G to Mot. to Dismiss, ECF No. 29-7). Her claims were never disclosed to the Bankruptcy Court or to the Chapter 7 trustee, and Plaintiff was aware that she was required to disclose any potential claims because she disclosed a separate claim unrelated to this action. (*Id.* at 6). Moreover, all nineteen of Plaintiff's causes of action are rooted in an allegedly fraudulent deed of trust for the Property and subsequent assignments and substitutions of the deed that occurred between 2005 and 2009. (*See generally* Compl.). In her Complaint, Plaintiff even states that she was aware of the alleged "illegality" while she was in bankruptcy. (Compl. ¶ 109). Plaintiff was therefore required to disclose the lawsuit in her bankruptcy proceeding and did not. Accordingly, the Court is estopped from further considering this action.[3]

**III.**   **CONCLUSION**

  **IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify, (ECF No. 69), is **DENIED**.

---

[3] Because the Court is judicially estopped from considering the action, the Court cannot provide leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to Judge Hoffman's Order, (ECF No. 65), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motions for Demand for Security Costs, (ECF Nos. 32, 33, 39, 55); and Defendants' Motion to Dismiss, (ECF No. 74), are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 29), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED with prejudice** pursuant to judicial estoppel.

**IT IS FURTHER ORDERED** that all other pending Motions, (ECF Nos. 15, 20, 22, 36, 41, 67, 77, 78, 79, 80, 84), are **DENIED as moot**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this _____4____ day of ___August___, 2018.

_____

Gloria M. Navarro, Chief Judge
United States District Judge