**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SALMA AGHA-KHAN, an individual, )
)
        Plaintiff, )    Case No.: 2:17-cv-2739-GMN-DJA
vs. )    U.S.C.A. Case No.: 18-16553
)
MORTGAGE ELECTRONIC )    **ORDER**
REGISTRATION SYSTEMS INC., *et al.*, )
)
        Defendants. )
)

Pending before the Court is Plaintiff's Motion for Entry of Clerk's Default, (ECF No. 113). Defendants Chicago Title of Nevada, Inc., Chicago Title Las Vegas, LSI Title Agency, Inc., aka LSI Title Company, and Anselmo Pagkaliwangan filed a Response, (ECF No. 116). Defendants CitiMortgage Inc., Citibank, N.A., Citicorp, Citigroup, Verdugo Trustee, and Abigail Ross (collectively, "Citi Mortgage Defendants") also filed a Response, (ECF No. 119).[1] Defendant Southern Highlands Community Association also filed a Response, (ECF No. 120), and a Joinder to Citi Mortgage Defendants' Response, (ECF No. 121). Plaintiff did not file a Reply.

Also pending before the Court is Plaintiff's Third Motion for Recusal, (ECF No. 125). Defendants did not file a Response. For the reasons discussed below, the Court **DENIES** Plaintiff's Motions.

//

//

//

---

[1] The document filed by Citi Mortgage Defendants is listed as a Reply to Response on the docket; however, the document is titled, "Opposition to Plaintiff's Motions for Default." (*See* Reply, ECF No. 119). It appears that the document should have been docketed as a Response instead of a Reply.

## I. BACKGROUND

This case arises from the foreclosure of the real property located at 11539 Cantina Terlano Place, Las Vegas, Nevada 89141 (the "Property"). (*See generally* Compl., ECF No. 1). Plaintiff alleges that she purchased the Property on August 11, 2005, and recorded the deed identifying her as the record owner on October 11, 2005. (Compl. ¶ 100). Plaintiff asserts that on August 11, 2005, "Defendant Aspen et. al. [sic] obtained $200,000.00 from Plaintiff and had her sign a 'Deed of Trust' which they never recorded against [the Property's] APN." (*Id.* ¶ 102). "Defendants subsequently collected over $5,000.00 from the unsuspecting Plaintiff for some time thereafter in lieu of 'mortgage.'" (*Id.*). Plaintiff states that "[t]owards the end of 2009 [sic] Plaintiff got into financial troubles and stopped making her mortgage payments." (*Id.* ¶ 104). On May 31, 2010, Plaintiff filed a bankruptcy petition, which was discharged in September 2010. (*Id.* ¶ 213). Plaintiff's Property was foreclosed upon on January 4, 2012. (*Id.* ¶ 114).

On October 30, 2017, Plaintiff filed her Complaint seeking, *inter alia*, to set aside the foreclosure sale of the Property. (Compl. ¶ 347). Plaintiff sued seventy-seven Defendants in relation to: the 2005 purchase of the Property; the securitization of the underlying loan; and the eventual foreclosure on the Property. (*See generally* Compl., ECF No. 1). Specifically, Plaintiff alleges the following causes of actions: (1) wrongful foreclosure; (2) to void or cancel trustee's deed upon sale; (3) fraud; (4) bankruptcy fraud; (5) violations of 15 U.S.C. § 1691 and 15 U.S.C. § 1692; (6) violations of 12 U.S.C. § 2605; (7) violation of NRS, U.S. banking and lending fraud, and uniform fraudulent transfers; (8) breach of contract; (9) violations of N.R.S. §§ 645, 675; (10) violations of 15 U.S.C. § 1601, 26 U.S.C. § 860(g), 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. 1344; (11) violations of 42 U.S.C. § 1982 and 42 U.S.C. § 1983; (12) violations of due process; (13) negligence; (14) violations of U.S. and Nevada racketeering

statutes; (15) defamation; (16) false light; (17) slander of title and quiet title; (18) punitive damages; and (19) declaratory relief. (*Id.* ¶¶ 157–340).

## II. DISCUSSION

The Court first addresses Plaintiff's Motion for Entry of Clerk's Default and then discusses Plaintiff's Motion for Recusal. For the reasons below, the Court denies both Motions.

### A. Motion for Entry of Clerk's Default, (ECF No. 113)

On March 12, 2020, Plaintiff filed a Motion for Entry of Clerk's Default, (ECF No. 113). In her Motion, Plaintiff requests the Clerk of Court enter default against multiple defendants, including, but not limited to, Defendants Abigail Ross, Alessi and Koenig, LLP, Michelle Petersen, and Citicorp. (*Id.* at 5, 19, 33, 47).

A clerk's entry of default is governed by Federal Rule of Civil Procedure 55(a), which provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Defendants have not only defended themselves in this case, but have also prevailed in their defense. (*See* J., ECF No. 87). On August 7, 2018, the Court granted Defendants' Motion to Dismiss, (ECF No. 29), and entered Judgment in favor of Defendants. (*See* Order, ECF No. 86); (*see also* J., ECF No. 87). Rule 55(a) is, therefore, inapplicable. Accordingly, Plaintiff's Motion for Entry of Clerk's Default is denied.

### B. Motion for Recusal of Judge, (ECF No. 125)

In her Motion, Plaintiff requests that the undersigned recuse pursuant to 28 U.S.C. §§ 144 and 455 for two main reasons. First, Plaintiff contends that because the undersigned is a defendant in a "related case, Nevada Bankruptcy Adversary Case No. 19-01074-ABL," she must be recused. (Mot. Recusal 5:4–6, ECF No. 125). Second, Plaintiff argues that the

undersigned "purposefully and deliberately" left incomplete an Order by the Ninth Circuit remanding the appeal to the district court. (*Id*. 5:8–10). Plaintiff additionally seeks to renew her previous bases for recusal.[2] (*Id*. 5:12–23).

There are two statutes that address standards for recusal: 28 U.S.C. §§ 144 and 455. A judge is required to recuse herself if she has a personal bias or prejudice against a party. *See Gonzales v. Parks*, 830 F.2d 1033, 1037 (9th Cir. 1987). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). A motion to disqualify under § 144 requires the party to file a legally sufficient affidavit alleging facts supporting the claim that the judge is biased or prejudiced against him. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980); *see Garity v. Donahoe*, No. 2:11-CV-01805-MMD-PA, 2014 WL 547760, at *6 (D. Nev. Feb. 11, 2014). If the affidavit is legally insufficient or unsupported by a factual basis, then the court must deny the motion. *Id.* at 868.

Here, Plaintiff fails to provide a legally sufficient affidavit alleging facts supporting her claims that the undersigned biased or prejudiced her in this case. *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). As to her first claim, Plaintiff asserts that the undersigned is prejudiced from ruling in this case because "Judge Navarro's insistence in remaining over this case while defending her own actions simultaneously is fraudulent." (Mot. Recusal 22:21–22). Because the undersigned is allegedly defending her own actions in a related case—an adversary case Plaintiff filed against the undersigned in Nevada Bankruptcy Court—Plaintiff asserts that the undersigned is therefore disqualified from presiding over this instant suit. (Mot. Recusal 21: 1–2). In an effort to show the undersigned's bias towards her in this case, Plaintiff attaches a copy of the Complaint filed in Nevada Bankruptcy Court against the undersigned. (*See* Pl.'s Compl. Nev. Bankruptcy Ct., Ex. A to Mot. Recusal, ECF No. 125). The Complaint, however,

---

[2] Plaintiff, in her Motion, lists six other bases for recusal. (Mot. Recusal 5:12–23). These assertions, however, are not supported by case law, affidavits or exhibits alleging facts to support Plaintiff's claims regarding Judge Navarro's prejudice. Accordingly, the Court denies these grounds for recusal for lack of factual basis.

fails to provide any factual basis explaining the undersigned's bias or prejudice against her. Being listed as a defendant in a related case does not itself suggest impropriety or impartiality, especially when the related case is also filed by Plaintiff. *See Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (stating that a "judge is not disqualified by a litigant's suit or threatened suit against him"); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) (noting that "[a] judge is not disqualified merely because a litigant sues or threatens to sue him"). Because Plaintiff fails to provide any case law or allege further facts to support her assertion that the undersigned's status as a defendant in Plaintiff's related Bankruptcy Case suggests impartiality, the Court thus finds that Plaintiff fails to demonstrate proper grounds for recusal under § 144.

As to Plaintiff's allegation that the undersigned purposefully and deliberately refused to address the Ninth Circuit's Order, Plaintiff also fails to allege facts supporting the claim that the undersigned prejudiced Plaintiff. In support of this claim, Plaintiff attaches copies of the docket in this case and the Ninth Circuit's Order on February 13, 2020 remanding this case to district court. (*See* Docket, Ex. B to Mot. Recusal, ECF No. 125-2); (*see also* Order dated February 13, 2020, Ex. C to Mot. Recusal, ECF No. 125-3). Plaintiff appears to assert that these attachments, taken together, show that the undersigned purposefully and deliberately "left 'hanging'" the Ninth Circuit's Order. (Mot. Recusal, 5:8–11). The Court has reached Plaintiff's Motion in the ordinary course, and Plaintiff has neither shown the undersigned's prejudice against her, nor that alleged prejudice has affected these proceedings. Accordingly, the Court finds this allegation insufficient under § 144 to amount to bias or a cause for recusal. *Studley*, 783 F.2d at 939.

Under 28 U.S.C. § 455(a), any United States federal judge should recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The judge should also disqualify herself if the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard for recusal is whether the Judge's

impartiality might be "reasonably questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citations omitted). Recusal is also evaluated by ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir. 1997). The alleged prejudice must normally result from an extra judicial source; a judge's prior adverse ruling is not a sufficient cause for recusal. *Id.*

Here, similar to the Court's § 144 analysis, the Court cannot find that the undersigned's impartiality might reasonably be questioned. The only facts allegedly supporting bias involve a related bankruptcy case in which the undersigned is listed as a defendant and the allegedly fraudulent docket regarding the Ninth Circuit's Order to remand the appeal to district court. (*See* Pl.'s Compl. Nev. Bankruptcy Ct., Ex. A to Mot. Recusal); (*see also* Docket Report, Ex. B to Mot. Recusal, ECF No. 125-2). However, Plaintiff's dissatisfaction with previous rulings is not a sufficient cause for recusal. Additionally, as explained above, Plaintiff's suit against the undersigned in the Nevada Bankruptcy Court does not suggest impartiality. *See In re Trader*, 419 F. App'x 170, 170–71 (3d Cir. 2011) (denying petitioner's argument that the judge should recuse because the petitioner named the judge as a defendant in a related civil rights lawsuit, noting that it would encourage litigants to "improperly judge shop.") Accordingly, the Court denies Plaintiff's Motion for Recusal.

//

//

//

//

//

//

//

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Clerk's Default, (ECF No. 113), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal, (ECF No. 125), is **DENIED**.

**DATED** this  20   day of January, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court